UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW HOOKS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CLOUDSPOTTER TECHNOLOGIES INC. and NORTHWESTERN UNIVERSITY,<br><br>    Defendants. | Case No.<br>**CLASS ACTION COMPLAINT** |

**NOTICE OF REMOVAL**

Defendant CloudSpotter Technologies Inc. ("CloudSpotter") hereby removes this civil action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, and states as follows:

**I.    BACKGROUND**

1. On July 3, 2025, Plaintiff filed a Class Action Complaint in the Circuit Court of Cook County, styled *Matthew Hooks v. CloudSpotter Technologies Inc. and Northwestern University*, Case No. 2025CH07040. *See generally* Plaintiff's Class Action Complaint (the "Complaint") attached hereto as Exhibit A. CloudSpotter was served on or about July 17, 2025.

**II.    JURISDICTION PURSUANT TO 28 U.S.C. § 1332(d)**

2. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). CAFA vests federal district courts with original jurisdiction over putative class actions in which there is minimal diversity between the parties and the amount in controversy, aggregated across the putative class members' claims, exceeds $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2) and (6); *see also id.* § 1441(a) (providing for removal of civil actions for which district

courts have original jurisdiction). Under CAFA, minimal diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* § 1332(d)(2)(A).

3. These requirements are met here because: (1) at least one class member is a citizen of a state different from at least one defendant (CloudSpotter is a Delaware corporation with its principal place of business in Illinois; Plaintiff is a citizen of Illinois); (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, because the statutory damages under the Biometric Information Protection Act ("BIPA") 740 ILCS 14/1, *et seq.*, are potentially $5,000 per violation for potentially thousands of persons who attended events at Northwestern University, Ex. A. Compl., ¶¶ 48, 49; and (3) the putative class includes at least 100 and potentially thousands of persons and is so numerous that joinder of all putative class members is impracticable. Ex A. Compl., ¶¶ 48, 49.

4. The minimal diversity requirement is met here because Plaintiff and CloudSpotter are citizens of different states. Plaintiff is a citizen of Illinois and CloudSpotter is a citizen of both Delaware and Illinois. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled. *E.g.*, *Creighton v. Bristol-Myers Squibb &Co.,* 2013 U.S. Dist. LEXIS 164256, at *7 (N.D. Ill. May 10, 2013) (*citing Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Plaintiff alleges in the Complaint that he is and was "[a]t relevant times . . . a citizen of the State of Illinois . . . ." Ex. A. Compl. ¶ 23. For purposes of diversity, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). CloudSpotter is a Delaware corporation and has its principal place of business in Illinois. Ex. A, Compl., ¶ 21. Because CAFA's minimal diversity requirement mandates that one member of the plaintiff class be a citizen of a different state from at least one defendant, the fact that CloudSpotter has a principal place of business in

Illinois does not defeat diversity. *See* 28 U.S.C. § 1332(c)(1), (d)(2); *De Falco v. Vibram USA, Inc.*, No. 12 C 7238, 2013 WL 1122825, at *4 (N.D. Ill. Mar. 18, 2013).

5. The $5,000,000 amount-in-controversy requirement is met because Plaintiff seeks statutory damages of $1,000 or $5,000 per BIPA violation (Ex. A. Compl., ¶ 60). Even assuming 1,000 class members, the amount in controversy exceeds $5,000,000. *See Bryant v. Compass Group USA, Inc.*, 958 F.3d 617, 620 (7th Cir. 2020). For the amount in controversy, "[a] removing party … only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence." *Roppo v. Travelers Commer. Insurance Co.*, 869 F.3d 568, 579 (7th Cir. 2017) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is *in controversy* between the parties.") (emphasis in original; internal quotation marks omitted). In determining the amount in controversy, the "claims of the individual class members shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(6).

6. CAFA's requirement that the putative class involve 100 or more putative class members, 28 U.S.C. § 1332(d)(5)(B), is met here because Plaintiff alleges a class and subclass of persons who attended events in Illinois where SpotMyPhotos was used and were photographed without signing up. The class exceeds 100 members. Ex. A. Compl. ¶¶ 48, 49.

7. **Removal is Timely**: This Notice is filed within 30 days of service on CloudSpotter on July 17, 2025, and is therefore timely pursuant to 28 U.S.C. § 1446(b).

8. **Consent**: Pursuant to 28 U.S.C. § 1446(b)(2), Defendant Northwestern University has been served with the complaint and is not opposed to removal of the matter to this Court.

9. **Process, Pleadings, and Orders**: Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon CloudSpotter are attached as Exhibit A.

10. **Notice to State Court and Plaintiff**: A copy of this Notice is being served on Plaintiff's counsel and filed with the Clerk of the Circuit Court of Cook County, Illinois, pursuant to 28 U.S.C. § 1446(d).

### III. CONCLUSION

11. Because the minimal diversity, amount-in-controversy, and putative class membership requirements of CAFA are met, this Court has original jurisdiction over Plaintiff's claims. Thus, removal to federal court is proper.

12. By filing this Notice of Removal, CloudSpotter does not waive any claims or defenses. CloudSpotter also does not concede, in any way, that the allegations in the Complaint are accurate, that CloudSpotter committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted any claims upon which relief can be granted, that certification of the proposed class is appropriate, or that recovery of any of the amounts sought is authorized or appropriate.

WHEREFORE, Defendant CloudSpotter Technologies Inc. removes this action to this Court.

**Dated**: August 15, 2025
Respectfully submitted,

By: /s/ David A. Wheeler
David A. Wheeler (dwheeler@nge.com)
Joshua A. Hanson (jhanson@nge.com)
Neal Gerber & Eisenberg, LLP
225 W. Randolph Street, Suite 2800
Chicago, Illinois 60606
Phone: (312) 269-8000
*Attorneys for CloudSpotter Technologies Inc.*

## **CERTIFICATE OF SERVICE**

David A. Wheeler, an attorney, certifies that on August 15, 2025, he caused a copy of the Notice of Filing of Notice of Removal to be served by Electronic Mail:

| **TO**: | Scott Kane Stukel<br>Cameron & Kane LLC<br>Illinois Bar No. 6317252<br>2129 North Western Avenue<br>Chicago, Illinois 60647<br>872-588-0727<br>scott@cameronandkane.com<br><br>Attorney for Plaintiff and the Putative Class | Mark Bulgarelli<br>Ilan Chorowsky<br>Progressive Law Group LLC<br>1570 Oak Avenue, Suite 103<br>Evanston, Illinois 60201<br>312-787-2717<br>markb@progressivelaw.com<br>ilan@progressivelaw.com<br><br>Attorneys for Plaintiff and the Putative Class |
|---|---|---|

By: /s/_David A. Wheeler_____
David A. Wheeler