**EXHIBIT A**
**STATE COURT SUMMONS AND COMPLAINT**

7/9/2025 3:11 PM
Marliyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH07040
Calendar, 11
33491938

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**                                    **(03/15/21) CCG 0001 A**

## Circuit Court of Cook County
## County Department
## Chancery Division

| MATTHEW HOOKS, *Plaintiff(s)* <br> v. <br> CLOUDSPOTTER TECHNOLOGIES INC. <br> and NORTHWESTERN UNIVERSITY, <br> *Defendant(s)* | Case No: 2025CH07040 |
|---|---|

### Defendant(s) Address(es)

CLOUDSPOTTER TECHNOLOGIES INC.
Registered Agent:
ILLINOIS CORPORATION SERVICE COMPANY
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703-4261

Northwestern University
633 Clark Street
Evanston, IL 60208

Please serve as follows (check one):   ~~Certified Mail~~   √ **Sheriff Service**   ~~Alias~~

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE IS A FEE TO FILE YOUR APPEARANCE.

**FILING AN APPEARANCE:** **Your appearance date is NOT a court date.** It is the deadline for filing your appearance/answer. To file your appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE, unless you are unable to eFile your appearance/ answer.** You can download an Appearance form at http://www.illinoiscourts.gov/Forms/ approved/procedures/appearance.asp. After completing and saving your Appearance form, you can electronically file (e-File) it with the circuit clerk's office.

**Summons - Alias Summons**        **(03/15/21) CCG 0001**

B

**E-FILING:** E-filing is now mandatory with limited exemptions. To e-File, you must first create an account with an e-Filing service provider. Visit http://efile.illinoiscourts.gov/ service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-Filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

**FEE WAIVER:** If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

**COURT DATE:** Your court date will be sent to your e-File email account or the email address you provided to the clerk's office. You can also call or email the clerk's office to request your next court date. You will need to provide your case number OR, if unknown, the name of the Plaintiff or Defendant. For criminal case types, you will also need to provide the Defendant's birthdate.

**REMOTE APPEARANCE:** You may be able to attend this court date by phone or video conference. This is called a "Remote Appearance". Call the Circuit Clerk at (312) 603-5030 or visit their website at www. cookcountyclerkofcourt.org to find out how to do this.

Contact information for each of the Clerk's Office locations is included with this summons. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court

holidays. To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

| | |
|---|---|
| Counsel for Plaintiff<br>Cameron & Kane, LLC<br><br><br>By: /s/ Scott Kane Stukel<br>Scott Kane Stukel<br>Attorney at Law, Cook County Attorney #<br>59348, ARDC # 6317252<br>2129 N Western Ave.<br>Chicago, Illinois 60647<br>Phone: (872) 588-0727<br>Fax: (312) 268-7478<br>Email: scott@cameronandkane.com | Witness date _____<br><br>7/9/2025 3:11 PM Mariyana T. Spyropoulos<br>_____<br>    Iris Y. Martinez, Clerk of Court<br><br><br>Service by Certified Mail:<br>_____<br><br>Date of Service: _____<br>(To be inserted by officer on copy left with<br>employer or other person) |

**GET YOUR COURT DATE BY CALLING IN OR BY EMAIL**

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:**
ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:**
CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:**
CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:**
DRCourtDate@cookcountycourt.com OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:**
DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

### LAW DIVISION
**Court date EMAIL:**
LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:**
ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

### ALL SUBURBAN CASE TYPES

#### DISTRICT 2 - SKOKIE
**Court date EMAIL:**
D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:**
D3CourtDate@cookcountycourt.com Gen. Info:   (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:**
D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

FILED
7/3/2025 5:42 PM
Mariyana T. Spyropoulos
CIRCUIT CLERK
COOK COUNTY, IL
2025CH07040
Calendar, 11
33432376

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**CHANCERY DIVISION**

MATTHEW HOOKS, individually and on )
behalf of all others similarly situated, )
                         )
            Plaintiff, )
                         )
     v.                           )    No.    **2025CH07040**
                         )
CLOUDSPOTTER TECHNOLOGIES INC. and )
NORTHWESTERN UNIVERSITY, )
                         )
          Defendants. )

### CLASS ACTION COMPLAINT

Plaintiff Matthew Hooks, individually and on behalf of all others similarly situated, upon personal knowledge as to facts known to himself, and upon information and belief following investigation of counsel, alleges as follows against CloudSpotter Technologies Inc. ("CloudSpotter") and Northwestern University ("Northwestern") (collectively, "Defendants"):

### INTRODUCTION

1. Plaintiff seeks relief under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or "the Act"), for himself and other individuals who appeared at photographed events, and whose biometric information was collected in violation of this statute, which was designed to protect individuals against just that.

2. CloudSpotter is the creator and provider of photo sharing software called SpotMyPhotos.

3. SpotMyPhotos is a photo sharing platform for special events.

4. SpotMyPhotos uses biometric facial recognition to function.

5. When a photographer at an event uses SpotMyPhotos, the photographer photographs individuals attending the event.

6.      Individuals at an event who wish to participate in SpotMyPhotos photo sharing provide their personal information to the photographer, including phone number and/or email address, as part of signing up to have digital pictures taken of them, at the event, which are sent automatically to their phones or digital devices.

7.      The SpotMyPhotos software then scans the initial picture of individuals wanting photos sent to them, in order to obtain their facial biometric identifiers or information ("biometrics"), and then transmits the individual's biometrics and contact information for storage and subsequent use.

8.      During an event, whenever the photographer takes subsequent photos, including photos of more than one person, SpotMyPhotos captures and collects biometrics for each person in the photograph, and transmits those biometrics to CloudSpotter, which are then compared to the biometrics from the initial photograph of participating individuals at the event that CloudSpotter has saved.  If there is a biometric match, CloudSpotter then sends the photo to the matched individual (i.e., to the individual's phone or digital device).

9.      This process results in the capture, collection, and transmission to CloudSpotter of the biometrics of numerous individuals who never signed up to have pictures sent to them and who did not agree have their biometrics taken.

10.     Whenever individuals who never signed up to have photos sent to them via SpotMyPhotos are in a photograph processed with SpotMyPhoto, their biometrics are nevertheless captured, collected, and transmitted to CloudSpotter for comparison to the biometrics on file, to see if there is a match.

11.     CloudSpotter works with various entities, including Northwestern, to utilize the SpotMyPhotos software and the above-described process at events.

12.     Northwestern uses SpotMyPhotos, including at special events commonly taking place at the University.

13.     Northwestern makes its photographers, who are either employees of the University or agents of the University, use SpotMyPhotos.

14.     When individuals attend an event where photographers are using SpotMyPhotos, including, but not limited to, at Northwestern, their biometrics are captured and collected by the party taking the photographs, such as Northwestern, each time they appear in a photograph, and their biometrics are shared with CloudSpotter for comparison with saved biometrics – even though the individuals never agreed to have photos shared to them via SpotMyPhotos and never gave consent to have their biometrics taken.

15.     On June 1, 2024, Plaintiff attended a play at Northwestern's Ethel Barber Theater, in Evanston, Illinois, whereby his picture was taken by Northwestern's photographers and his biometrics were captured and collected by Northwestern.

16.     Plaintiff's biometrics were then shared with CloudSpotter to see if they were a match to the biometrics of any individuals at the event who requested to have their photos sent to them.

17.     Plaintiff never consented to having his biometrics taken, nor did he provide contact information to have photos sent to him.

18.     Northwestern scanned the facial geometry of Plaintiff and other individuals attending events at Northwestern University, and collected and shared their biometrics without properly obtaining a written executed release and consent, and without making the required disclosures concerning the collection, storage, or use of biometrics as required by the BIPA.

19.     CloudSpotter received biometrics of Plaintiff and other individuals attending events

3

at Northwestern University, or at events elsewhere in Illinois where SpotMyPhotos was in use, without properly obtaining a written executed release and consent, and without making the required disclosures concerning the collection, storage, or use of biometrics as required by the BIPA.

20.     Defendants' conduct [1] of capturing, collecting, transmitting, managing and receiving Plaintiff and other individuals' biometrics, at events in Illinois, without receiving a written release, without informing them in writing that biometrics are being collected or stored, and without informing them in writing of the specific purpose and length of term for which biometrics are being collected, stored, and used, violates the BIPA.

## PARTIES, JURISDICTION, AND VENUE

21.     CloudSpotter is a Delaware corporation and has its principal offices in Chicago, Illinois.

22.     Northwestern is an Illinois-chartered private university located in Evanston, Illinois.

23.     At relevant times, Plaintiff was a citizen of the State of Illinois and resided in Cook County, Illinois.

24.     Venue and jurisdiction before this Court are proper. Defendants regularly conduct business in the Illinois and Cook County; and the acts and omissions giving rise to Plaintiff's claims occurred in Cook County, Illinois.

## THE BIOMETRIC INFORMATION PRIVACY ACT

25.     BIPA defines "biometric identifiers" or "biometric information" as a scan of "face geometry" or any "information" based on, or derived from, such "identifiers" that is used to

---

[1] Herein, actions or facts attributed to "Defendants" are to each of the Defendants, unless expressly stated otherwise.

4

identify an individual. 740 ILCS 14/10.[2]

26.     The BIPA is specifically designed to require an entity that collects or receives biometrics to meet several requirements, before collection or receipt, aimed, in part, at educating and protecting persons from whom biometrics are taken.

27.     BIPA requires Defendants to develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever occurs first.

28.     BIPA requires a private entity in possession of biometric identifiers or biometric information to comply with its established retention schedule and destruction guidelines.

29.     BIPA further expressly obligates Defendants to obtain an executed, written release, in order to capture, collect, store, or receive their biometric identifiers or biometric information.

30.     BIPA also obligates Defendants to inform individuals in writing that a biometric identifier and/or biometric information are being collected or stored; to tell individuals in writing for how long they will store their biometrics; and to inform the individuals of the purposes for which the biometrics are being captured, collected, and used.

31.     Finally, BIPA prohibits Defendants from disclosing or disseminating biometrics without the consent of the subject of biometrics collection.

32.     BIPA makes these requirements a *precondition* to the collection, capture, receipt, or sharing of biometrics such as facial scan data and associated biometric information. Under the

---

[2] "Biometric identifiers" and "Biometric information" refer to "biometric identifiers" and/or "biometric information" – as stated here, "biometrics" – within the meaning of BIPA, 740 ILCS 14/10.

BIPA, no biometric identifiers or information may be captured, collected, stored, received, or shared if these requirements are not met.

33.     BIPA provides statutory damages if a private entity improperly takes or receives biometrics, or invades an individual's privacy, by circumventing BIPA's preconditions and requirements.

## SUBSTANTIVE ALLEGATIONS

34.     On June 1, 2024, Plaintiff attended a play titled "Recycle Baby!" at the Ethel Barber Theater at Northwestern University in Evanston, Illinois.

35.     Plaintiff attended the Northwestern event with his companion.

36.     Plaintiff's companion at the event consented to have her photos taken and sent to her, as set forth above.

37.     Plaintiff never consented to have his photos sent to him or to have his biometrics collected.

38.     During the event, Northwestern's photographer took photos of Plaintiff with his companion along with other individuals.

39.     Each time a photograph was taken that included Plaintiff, Northwestern captured and collected his biometrics, and transmitted them to CloudSpotter, whereby, via SpotMyPhotos, CloudSpotter compared his biometrics to the biometrics CloudSpotter had received from persons at the event who had signed up to receive photos.

40.     In addition to Plaintiff, various other individuals attended events at Northwestern, or at events elsewhere using SpotMyPhotos, and had their biometrics captured, collected, stored, and otherwise possessed by Defendants, without consenting to having their biometrics taken and processed.

6

### *Defendants Failed to Obtain an Executed Written Release*

41.    The BIPA requires that Defendants obtain a written release executed by the subject of the biometric identifier or biometric information (or the subject's legally authorized representative) prior to Defendants' capture, collection, or obtainment of the individual's biometrics.

42.    Defendants each captured, collected, and/or obtained Plaintiff's and similarly situated individuals' biometrics without first (or at all) getting a proper written release from Plaintiff and similarly situated individuals.

### *Defendants Failed to Give Required Information*

43.    The BIPA provides that a private entity may not collect, capture, or otherwise obtain a person's biometrics unless it first informs the subject or the subject's legally authorized representative in writing that biometrics are being collected or stored; and informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used.

44.    Defendants each failed to provide Plaintiff and similarly situated individuals this information prior to obtaining their biometrics.

### *Northwestern Shared Biometrics Without Obtaining Consent*

45.    The BIPA does not allow an entity in possession of biometrics to disclose, redisclose, or otherwise disseminate a person's biometrics unless the subject of the biometrics or the subject's legally authorized representative consents to the disclosure or redisclosure.

46.    As set forth above, Northwestern shared Plaintiff's and other persons' biometrics with CloudSpotter, without obtaining their consent.

47.    For each of the above reasons, Defendants violated the BIPA.

7

## CLASS ALLEGATIONS

48.     Plaintiff brings his claims on behalf of himself, and pursuant to 735 ILCS 5/2-801

on behalf of the following Class and Subclass:

Class:

All persons who attended an event in Illinois where SpotMyPhotos software was in
use, and who were photographed without signing up to have photographs of
themselves sent to them via SpotMyPhotos.

Subclass:

All persons who attended an event in Illinois at Northwestern University where
SpotMyPhotos software was in use, and who were photographed without signing
up to have photographs of themselves sent to them via SpotMyPhotos.

Excluded from the Class[3] are Defendants' officers, directors, and owners, Plaintiff's counsel, and

any member of the judiciary presiding over this action.[4]

49.     The Class is so numerous that joinder of all Class members is impracticable.

50.     Questions of fact or law are common to the Class, predominate over any questions

affecting only individual members, and frame issues for class-wide adjudication, including, by

way of example, as follows:

       a.      Did Defendants have a practice of capturing, collecting, or obtaining Class

member biometrics;

       b.      Did Defendants obtain an executed written release from Class members

before capturing, collecting, or otherwise obtaining their biometrics;

---

[3] References to "Class" are to each Class and Subclass defined herein, unless stated otherwise.
[4] Plaintiff reserves the right to amend the Class definition or allege additional Classes and
Subclasses as appropriate or pursuant to discovery.

c.  Before collecting and/or receiving biometrics, did Defendants provide Class members with a writing disclosing the specific purposes for which the biometrics are being collected, stored, and used;

d.  Before collecting and/or receiving biometrics, did Defendants provide Class members with a writing disclosing the length of time for which the biometrics are being collected, stored, and used;

e.  Did Northwestern obtain proper consent for the sharing of individuals' biometrics with CloudSpotter; and

f.  Does Defendants' conduct violate BIPA?

51.  Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class; and Plaintiff has retained counsel experienced in class action litigation.

52.  A class action provides a manageable method for fairly and efficiently adjudicating this controversy because, among other things, addressing the common issues in one action will aid judicial administration, and many members of the Class cannot feasibly vindicate their rights by individual suit, because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendants.

## COUNT I

### VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Defendants' Failure to Obtain a Written Release and Make Disclosures)

53.  Plaintiff, individually and on behalf of the Class, repeats and re-alleges the preceding allegations as though fully set forth herein.

54.  Section 14/15(b) of the BIPA provides that:

9

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

55.     Defendants are private entities that captured, collected, or otherwise obtained Plaintiff's and other individuals' biometric identifiers and/or biometric information within the meaning of the Act.

56.     As more fully set forth above, at relevant times Defendants each captured, collected, stored, or had possession of Plaintiff's and other individuals' biometric identifiers and biometric information, as defined by BIPA, 740 ILCS § 14/10, through the use of the SpotMyPhotos software.

57.     In violation of Section 14/15(b), Defendants have collected, captured, stored, or obtained Plaintiff's and other Class members' biometric identifiers and biometric information, without:

(i)     informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being recorded, obtained, collected or stored;

(ii)     informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used; and

(iii)     receiving a written release executed by Plaintiff and the Class, and executed by them as a condition of employment.

10

58. Defendants' above-described conduct is negligent or intentional and reckless.

59. As a result of Defendants' above-described acts and omissions, Defendants have invaded Plaintiff's and other Class members' privacy; have unlawfully and coercively taken their biometrics; have failed to provide them with information required by BIPA; have deprived them of benefits, rights, opportunities and decisions conferred and required by the Illinois legislature via BIPA; and illegally recorded, possessed, converted, and stored their biometrics.

60. Accordingly, Defendants have negligently or intentionally and recklessly violated the BIPA, and Plaintiff and the Class have been damaged and are entitled to damages available under the BIPA, including liquidated damages as provided by the Act or actual damages, whichever is greater. 740 ILCS 14/20.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a. Certify the Class, and designate Plaintiff as Class representative and his counsel as Class counsel;

b. Find that Defendant has violated the Biometric Information Privacy Act, and enter judgment in favor of Plaintiff and others similarly situated and against each Defendant;

c. As to Counts I, award damages available to Plaintiff and the Class under applicable law, including statutory damages;

d. Award reasonable attorney's fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

e. Award such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

Matthew Hooks, individually and on behalf of all others similarly situated

By: _____

One of Plaintiff's Counsel

11

Mark Bulgarelli
markb@progressivelaw.com
Ilan Chorowsky
ilan@progressivelaw.com
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
Phone: 312-787-2717
ID #: 47470

Scott Kane Stukel
scott@cameronandkane.com
Cameron & Kane, LLC
2129 N. Western Ave.
Chicago, IL 60647
Phone: 872-588-0727
ID #: 59348